```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

UNITED FIRE AND CASUALTY                       CIVIL ACTION
COMPANY AS SUBROGEE OF EWELL
BORDELON

VERSUS                                         NO: 13-3063

SUPREME CORP. OF TEXAS, et al.                 SECTION: R(1)

### ORDER AND REASONS

Defendant Progressive Dynamics, Inc. ("Progressive") moves for summary judgment.[1] For the following reasons, the Court DENIES Progressive's motion.

### I. Background

Plaintiff United Fire and Casualty Company ("United Fire") sued defendants Supreme Corp. of Texas ("Supreme"), Bush Specialty Vehicles, Inc. ("Bush") and Progressive as subrogee of its insured, Ewell Bordelon.[2] United Fire alleges that Bordelon was operating his 2007 Chevrolet Model 2550 truck when the vehicle caught fire.[3] The truck and its contents were rendered a total loss.[4]

---

[1] R. Doc. 30.

[2] R. Doc. 1-1 at 2.

[3] *Id.*

[4] *Id.* at 3

United Fire alleges, on information and belief, that the fire "originated in the cargo box portion of [Bordelon's] truck and was caused by a malfunction in the voltage converter of the cargo box, which led to its overheating."[5] It further alleges that the malfunction resulted from the "joint fault and negligence" of Supreme, which allegedly manufactured and distributed the truck; Bush, which allegedly performed the interior finish and electrical work of the converter box; and Progressive, which allegedly manufactured and distributed the converter.[6]

Progressive moves for summary judgment.[7] It argues that there is insufficient evidence to establish that it manufactured the converter.[8] United Fire and Bush both filed oppositions to Progressive's motion, and Progressive filed a reply to their oppositions.[9]

## II.  Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[5] *Id.* at 2.

[6] *Id.* at 2-3.

[7] R. Doc. 30.

[8] R. Doc. 30-1 at 7-8.

[9] R. Docs. 32, 33, 38.

P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quotation marks removed).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

Under the Local Rules, "[e]very motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue." Local Civil Rule 56.1.

**III. The Claims Against Progressive Withstand Summary Judgment.**

United Fire alleges that Progressive is liable as the manufacturer of the converter.[10] Under Louisiana state law, the

---

[10] R. Doc. 1-1 at 3.

Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. The elements of a products liability claim under the LPLA are "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous;' and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Jack v. Alberto-Culver USA, Inc.*, 949 So.2d 1256, 1258 (La. 2007) (citing La. R.S. 9:2800.54(A)).

A.  *There Is a Genuine Dispute as to Whether Progressive Manufactured the Converter.*

Progressive's primary argument in support of its motion for summary judgment is that United Fire cannot establish that Progressive manufactured the converter.[11] It points to evidence in the record that United Fire's retained expert, George Casellas, could not identify the manufacturer of the converter.[12] Further, it furnishes evidence that Thomas Phlipot, a vice-president at Progressive, examined a photograph of the component part that allegedly caused the fire and concluded that it is an

---

[11] R. Doc. 30-1 at 6.

[12] R. Doc. 30-4.

inverter, not a converter, and that Progressive could not have manufactured it because Progressive does not manufacture inverters.[13] This evidence suggests that Progressive did not manufacture the component part that caused the fire.

Other evidence in the record, however, suggests that Progressive did manufacture the component part. First, Bush has produced an invoice for modification work it performed on the truck, billed to Gary Prinz.[14] The invoice includes charges for a converter identified as Progressive Dynamics Power Converter Model No. PD9280.[15] Second, Prinz has submitted an affidavit declaring that he had possession of the truck when Bush performed the modifications, that he retained possession of the truck from that time until Bordelon took possession, and that there were no changes, modifications or repairs made to the converter while it was in his possession.[16] Third, United Fire's supplemental answers to interrogatories state that Bordelon purchased the truck from "Gary Prinse," and that the converter was not changed, modified or repaired while Bordelon possessed the truck.[17]

---

[13] R. Doc. 30-5 at 3.

[14] R. Doc. 32-2 at 6; see id. at 1-2 (indicating that the VIN number listed on the invoice is the VIN number of the truck at issue in this litigation).

[15] Id. at 6, 17.

[16] R. Doc. 32-3 at 1.

[17] R. Doc. 32-4 at 3, 5-6.

Viewed in the light most favorable to United Fire, this evidence suggests that Bush installed a Progressive Dynamics converter in the truck, and that the converter was not removed or modified before the fire. Further, although Phlipot states that the component part at issue is an inverter, Cassellas identifies it as a converter.[18] On this evidence, the Court concludes that there is a genuine issue for trial as to whether Progressive manufactured the component part at issue.

In its reply to United Fire's and Bush's oppositions to its motion for summary judgment, Progressive argues that "[t]he only way for the plaintiff to carry its burden . . . is to prove, through expert testimony, that Progressive manufactured the product that actually caused the fire."[19] This is a misstatement of law. Progressive cites to no authority, and the Court is aware of none, requiring a plaintiff to rely on expert testimony to prove the identity of a manufacturer under the LPLA. Bush's invoice, Prinz's affidavit and United Fire's supplemental answers to interrogatories suffice to establish a genuine question as to whether Progressive manufactured the defective component part. *See Delta & Pine*, 530 F.3d at 398 ("When assessing whether a dispute to any material fact exists, we consider all of the

---

[18] R. Doc. 30-4.

[19] R. Doc. 38 at 2.

evidence in the record."). Summary judgment on this ground is denied.

B.  *Progressive's Additional Arguments Are Not Properly Before the Court.*

In its reply to United Fire's and Bush's oppositions to its motion for summary judgment, Progressive additionally argues that United Fire cannot prove that the converter caused the fire or that the converter was unreasonably dangerous.[20] Progressive did not identify these as undisputed facts in its statement of undisputed facts[21] and expressly stated that causation was not at issue in its moving brief. There, it relied exclusively on the argument that United Fire "is unable to prove the identity of the product manufacturer,"[22] and declared that "the internal cause of the failure . . . [is] not relevant at this time."[23]

Accordingly, the Court finds that Progressive raised its arguments regarding the cause of the fire and whether the converter was unreasonably dangerous for the first time in its reply memorandum. These arguments are not properly before the Court. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329

---

[20] *Id.* at 5, 6.

[21] *See* R. Doc. 30-2.

[22] R. Doc. 30-1 at 6.

[23] *Id.* at 7-8.

(5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Cooper v. Faith Shipping*, No. 06-892, 2008 WL 5082890, at *4 (E.D. La. Nov. 25, 2008) (same).

**IV. Conclusion**

For the foregoing reasons, Progressive's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __27th__ day of January, 2014.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**